UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MINUS THOMPSON,

        Movant,

                              File No. 1:04-CV-592

v.

                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                    /

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Movant Minus Thompson's motion for reconsideration. By memorandum opinion and order dated February 10, 2005, this Court summarily denied Movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence because it was not filed within the applicable limitations period. Movant has requested reconsideration of that order because he contends that the Supreme Court announced a new rule of constitutional law in *United States v. Booker*, 125 S. Ct. 738 (2005), and that this rule should be applied retroactively.

The Supreme Court directed that its holding in *Booker* be applied to all cases on direct review. *Id.* at 769. Movant's conviction became final 90-days after the Sixth Circuit Court of Appeals' July 19, 1993 decision affirming his conviction and sentence. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) ("When a federal criminal

defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.")  Movant's case was no longer on direct review in 2005 when *Booker* was decided. The general rule is that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)). In *Humphress* the Sixth Circuit determined that the rule announced in *Booker* does not fall within either of the two exceptions to this general rule of nonretroactivity identified in *Teague v. Lane*, 489 U.S. 288 (1989). *Humphress*, 398 F.3d at 862-63. Because *Booker* does not apply retroactively in collateral proceedings, Movant's request for reconsideration under *Booker* must be denied.

In the event that his motion for reconsideration is not granted, Movant has requested the Court to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the non-retroactivity of *Booker* has been firmly established by the Sixth Circuit in *Humphress*, Movant has not met his burden of showing the denial of a constitutional right. Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion for reconsideration (Docket # 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's request for a certificate of appealability is **DENIED**.


Date:     July 1, 2005              /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE